25CA1237 Stansbury v Jefferson County 07-09-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1237
Jefferson County District Court No. 25CV31
Honorable Christopher Zenisek, Judge

---

Dean Stansbury,

Plaintiff-Appellant,

v.

Jefferson County Assessor's Office,

Defendant-Appellee.

---

JUDGMENT AND ORDER AFFIRMED
AND CASE REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE LUM
Welling and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 9, 2026

---

Dean Stansbury, Pro Se

Kimberly Sorrells, County Attorney, Eric T. Butler, Deputy County Attorney, Amber J. Munck, Assistant County Attorney, Golden, Colorado, for Defendant-Appellee

¶ 1    Plaintiff, Dean Stansbury, appeals the district court's judgment dismissing his complaint against defendant, the Jefferson County Assessor's Office (Assessor's Office), under C.R.C.P. 12(b)(1). He also appeals the court's award of attorney fees to the assessor's office under section 13-17-201(1), C.R.S. 2025. We affirm.

## I.    Background

¶ 2    Stansbury owns three residential properties in Jefferson County. In 2023, Stansbury protested the Assessor's Office's valuation of each property to the Board of Equalization (BOE). The BOE adjusted the value of one property and affirmed the value of the other two. Stansbury later appealed one of the BOE's decisions to the Board of Assessment Appeals (BAA), which affirmed. He didn't appeal the other two BOE decisions.

¶ 3    Shortly thereafter, Stansbury filed a one-page complaint, alleging six claims against the Assessor's Office. He then filed several additional pleadings, including a first and second amended complaint, which provided more detail for his claims. Stansbury alleged that the Assessor's Office

(1)    failed to assess the properties according to applicable statutory and constitutional standards, resulting in an

overcharge on Stansbury's property taxes in multiple years;

(2) maintained false records for the properties because it "refused to correct gross errors in their data base used to determine property valuations";

(3) failed to adjust the properties' valuations according to statutory requirements and used unqualified appraisers;

(4) made "misrepresentation[s] of material fact" at the BOE and BAA hearings;

(5) failed to reclassify the properties' usages and failed to apply appropriate exemptions to the valuations; and

(6) failed to comply with applicable statutes and with the Uniform Standards of Professional Appraisal Practice reporting requirements, "resulting in faulty data input to the Mass Appraisal System."

¶ 4    The Assessor's Office filed a motion to dismiss the second amended complaint for lack of subject matter jurisdiction pursuant to C.R.C.P. 12(b)(1), and the district court granted the motion.

¶ 5    The court construed claims one (failure to properly assess taxes on the properties), three (failure to adjust the properties'

2

valuations), and five (failure to reclassify the properties and apply exemptions) as appeals of Stansbury's property tax assessments and concluded that it lacked jurisdiction to decide those claims because any appeal of those assessments was untimely and because Stansbury failed to exhaust the statutory remedies available to him under sections 39-8-101 to -108, C.R.S., 2025. The court also concluded that review of the other three claims was precluded under the Colorado Governmental Immunity Act (CGIA), § 24-10-106, C.R.S. 2025, because Stansbury's complaint alleged tort claims from which the Assessor's Office is immune. And the court concluded that "[t]o the extent [Stansbury] disputes that claims [one], [three], and [five] are tax valuation appeals, these claims could also lie in tort."

¶ 6 Finally, the court awarded the Assessor's Office its attorney fees and costs under section 13-17-201.

## II. Legal Principles

### A. C.R.C.P. 12(b)(1)

¶ 7 A challenge to a district court's subject matter jurisdiction may be raised at any time and is a question of law that we review de novo. *Currier v. Sutherland*, 218 P.3d 709, 714 (Colo. 2009);

3

*Asphalt Specialties, Co. v. City of Commerce City*, 218 P.3d 741, 744 (Colo. App. 2009); *Hansen v. Long*, 166 P.3d 248, 250 (Colo. App. 2007).

¶ 8       C.R.C.P. 12(b)(1) governs motions to dismiss based on a lack of subject matter jurisdiction. *Asphalt Specialties Co.*, 218 P.3d at 744. In determining whether a complaint should be dismissed under Rule 12(b)(1), we examine the substance of the claim based on the facts alleged and the relief requested. *City of Aspen v. Kinder Morgan, Inc.*, 143 P.3d 1076, 1078 (Colo. App. 2006). The plaintiff bears the burden of proving jurisdiction. *Id.*

### B.     Colorado Governmental Immunity Act

¶ 9       The CGIA states that, with certain exceptions not pertinent here, "sovereign immunity shall be a bar to any action against a public entity for injury which lies in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant." § 24-10-108, C.R.S. 2025.

¶ 10      The term "tort"

> broadly refers to the breach of a general duty of care, as distinguished from the breach of a contract or other binding promise or agreement. Unlike contractual obligations, tort obligations arise from duties imposed by

> law. A tort has therefore been described as conduct that amounts to a legal wrong and that causes harm for which courts will impose civil liability.

*Ybarra v. Greenberg & Sada, P.C.*, 2018 CO 81, ¶ 14 (citations omitted).

¶ 11 Ultimately, the question of whether the CGIA bars a claim "turns on the source and nature of the government's liability, or the nature of the duty from the breach of which liability arises." *Colo. Dep't of Transp. v. Brown Grp. Retail, Inc.*, 182 P.3d 687, 690 (Colo. 2008).

¶ 12 Whether a public entity is immune from suit under the CGIA is a question of subject matter jurisdiction for the district court to determine in accordance with C.R.C.P. 12(b)(1). *City of Aspen v. Burlingame Ranch II Condo. Owners Ass'n*, 2024 CO 46, ¶ 23. When, as here, the alleged jurisdictional facts are not in dispute, the question is one of law that the court can resolve without a hearing. *Id.* In such a case, our review of the district court's ruling is de novo. *Id.*

### III.  Analysis

¶ 13    Stansbury contends that the district court erred by (1) dismissing his complaint under the CGIA and (2) construing claims one, three, and five as appeals of his property tax assessments.  We discern no basis for reversal.

¶ 14    As best we can determine, Stansbury's primary argument is that the district court shouldn't have dismissed his claims under the CGIA because the complaint doesn't allege tort claims.[1] However, both before this court and in the proceedings below, Stansbury characterizes the complaint as alleging negligence. Negligence claims lie or could lie in tort.  *See L.J. v. Carricato*, 2018 COA 3, ¶ 22 (holding that claims lie or could lie in tort when they are "rooted in the tort of negligence").  Thus, even if the district court erred by characterizing claims one, three, and five as appeals of the property tax assessments rather than as negligence claims — as Stansbury argues — any error would be harmless because the

---

[1] Stansbury doesn't dispute that the Assessor's Office is a public entity or that the alleged acts and omissions of the Assessor's Office personnel occurred during and within the scope of their official duties.  § 24-10-118(2)(a), C.R.S. 2025.

court properly dismissed those claims under the CGIA. *See* § 24-10-108.

¶ 15 Stansbury alleges in claims two and four that the assessor maintained false records and misrepresented material facts. And in claim six, he alleges noncompliance with professional appraisal standards. These claims also lie or could lie in tort. *See Town of Alma v. AZCO Constr. Inc.*, 10 P.3d 1256, 1263 (Colo. 2000) (noting that professional negligence and fraud are tort claims designed to remedy economic loss).

¶ 16 For these reasons, the district court didn't err by dismissing Stansbury's claims under C.R.C.P. 12(b)(1).

## IV. Attorney's Fees

¶ 17 Stansbury contends that the district court erred by awarding attorney fees to the Assessor's Office because the court didn't find that he knew or reasonably should have known that his filing lacked substantial justification. We disagree.

¶ 18 Section 13-17-201(1) provides that when a tort action is dismissed under C.R.C.P. 12(b) before trial, the defendant "shall have judgment for his reasonable attorney fees in defending the action." Such an award is mandatory. *Castro v. Lintz*, 2014 COA

91, ¶ 12. Thus, to the extent Stansbury's claims are — as he asserts — negligence and fraud claims, the district court correctly dismissed Stansbury's complaint under C.R.C.P. 12(b)(1), and it didn't err by awarding the Assessor's Office its reasonable attorney fees under section 13-17-201(1). *Espinosa v. Perez*, 165 P.3d 770, 775 (Colo. App. 2006).

¶ 19    We reject Stansbury's contention that his claims are exempted from attorney fees under section 13-17-201(2). That section provides that the mandatory fee award isn't applicable to "a good faith, non-frivolous claim filed for the express purpose of extending, limiting, modifying, or reversing existing precedent, law, or regulation." § 13-17-201(2). But Stansbury doesn't explain, and we can't discern, how any of his claims fit that description. And in any event, Stansbury isn't eligible for this exemption because his complaint didn't (1) state that his claims were brought for this purpose or (2) identify the precedent, law, or regulation that he sought to extend, limit, modify, or reverse. *See id.*

V.    Appellate Attorney Fees

¶ 20    The Assessor's Office asks for an award of its appellate attorney fees under section 13-17-201. Because we affirm the

district court's dismissal of the case under C.R.C.P. 12(b)(1), we grant the Assessor's Office's request for appellate attorney fees under section 13-17-201. And because the Assessor's Office is entitled to fees under this section, we need not address its argument that it is also entitled to fees under section 13-17-102, C.R.S. 2025, and C.A.R. 38(b).

¶ 21 We remand the case to the district court to determine the appropriate amount of attorney fees incurred on appeal. *See Hansen v. Barron's Oilfield Serv., Inc.*, 2018 COA 132, ¶ 38.

## VI. Disposition

¶ 22 The judgment and order are affirmed, and the case is remanded for the district court to determine and award the Assessor's Office its reasonable appellate attorney fees.

JUDGE WELLING and JUDGE SCHOCK concur.